IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01831-BNB

COREY BURGESS,

    Applicant,

v.

JOHN C. OLIVER,

    Respondent.

ORDER TO SHOW CAUSE

Applicant, Corey Burgess, was a prisoner in the custody of the Federal Bureau of Prisons incarcerated at the United States Penitentiary, High Security, in Florence, Colorado, when he initiated the instant action by filing *pro se* an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1). Mr. Burgess has been granted leave to proceed pursuant to 28 U.S.C. § 1915 (ECF No. 5).

On July 25, 2014, Respondents were ordered to file within twenty-one days a preliminary response limited to addressing the affirmative defense of exhaustion of administrative remedies. Applicant was afforded the opportunity to file within twenty-one days a reply to the preliminary response.

On August 15, 2014, before Respondent filed a preliminary response, Mr. Burgess filed a motion titled "Motion for Decline of Jurisdiction of United States Magistrate Judge." ECF No. 13. The motion will be denied because the Local Rules of Practice for this Court provide for initial review by a magistrate judge of the pleadings

filed by an unrepresented prisoner.  See D.C.Colo.LCivR 8.1(b).

On September 5, 2014, Respondents filed a preliminary response (ECF No. 17) and a notice titled "Notice of Applicant's Release From Custody."  ECF No. 16.  In both documents, Respondent informs the Court that Mr. Burgess was released from custody on September 2, 2014.  The inmate locator on the BOP website, www.bop.gov, also shows that Mr. Burgess was released on September 2.  In the preliminary response, Respondent provides Mr. Burgess' last known address--3201 Russell, #C, St. Louis, MO 63104.  Mr. Burgess is advised that the Local Rule 11.1(d), D.C.COLO.LCivR, provides that an unrepresented party shall file a notice of change of address within five days after any change of address.

Respondent argues that writs of habeas corpus do not extend to persons who are not in custody.  See 28 U.S.C. § 2241(c) ("The writ of habeas corpus shall not extend to a prisoner unless [h]e is in custody under or by color of the authority of the United States or is committed for trial before some court thereof[.]"  Therefore, Respondent argues, habeas corpus relief no longer is available to Applicant.  However, habeas corpus is available for prisoners released on parole or personal recognizance. Jones v. Cunningham, 371 U.S. 236, 242-43 (1963).

Respondent also asserts that if this action were to proceed, he would not raise the affirmative defense of exhaustion of state remedies.  Respondent points out that some of the events Applicant challenges in the instant action are the subject of a pending petition for habeas corpus in the United States District Court for the Eastern District of California, including the calculation of Applicant's release date and the BOP's alleged failure to place him in a residential re-entry center.  See Burgess v. Rios, No.

12-cv-00777-AWI-SKO-HC, 2014 WL 3809400, at *1 (E.D. Cal. Aug. 1, 2014).

Applicant will be given the opportunity to inform the Court if he wishes to proceed with this action, or whether the action now is moot because he has received the relief sought.  Failure to do so within the time allowed will result in the dismissal of this action.

Accordingly, it is

ORDERED that the motion titled "Motion for Decline of Jurisdiction of United States Magistrate Judge" (ECF No. 13) that Applicant, Corey Burgess, filed *pro se* on August 15, 2014, is denied.  It is

FURTHER ORDERED that Mr. Burgess will be allowed **fifteen (15) days from the date of this order** in which to inform the Court if he wishes to proceed with this action, or whether the action now is moot because he has received the relief sought.  Failure to do so within the time allowed will result in the dismissal of this action.  It is

FURTHER ORDERED that the clerk of the Court mail a copy of this order to Mr. Burgess at both the address on record with the Court and the address provided by the Federal Bureau of Prisons, i.e., 3201 Russell, #C, St. Louis, MO 63104.  It is

FURTHER ORDERED that Mr. Burgess shall file a notice of change of address within **fifteen (15) days from the date of this order** as required by Local Rule 11.1(d), D.C.COLO.LCivR.

DATED September 8, 2014, at Denver, Colorado.

                                                BY THE COURT:

                                                s/ Boyd N. Boland
                                                United States Magistrate Judge