IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01831-BNB

COREY BURGESS,

    Applicant,

v.

JOHN C. OLIVER,

    Respondent.

ORDER OF DISMISSAL

Applicant, Corey Burgess, was a prisoner in the custody of the Federal Bureau of Prisons at the United States Penitentiary, High Security, in Florence, Colorado, when he initiated the instant action by filing *pro se* an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1).  Mr. Burgess has been granted leave to proceed pursuant to 28 U.S.C. § 1915 (ECF No. 5).

On July 25, 2014, Respondent was ordered to file within twenty-one days a preliminary response limited to addressing the affirmative defense of exhaustion of administrative remedies.  Applicant was afforded the opportunity to file a reply to the preliminary response within twenty-one days after the filing of the response.

On August 15, 2014, before Respondent filed a preliminary response, Mr. Burgess filed a motion titled "Motion for Decline of Jurisdiction of United States Magistrate Judge."  ECF No. 13.  The motion was denied because the Local Rules of Practice of this Court provide for initial review by a magistrate judge of the pleadings

filed by an unrepresented prisoner.  See D.C.Colo.LCivR 8.1(b).

On September 2, 2014, Mr. Burgess objected to the minute order of August 14, 2014 (ECF No. 12), granting Respondent an extension of time up to and including September 5, 2014, to file a preliminary response.  See ECF No. 15.  The Court must construe the objection liberally because Mr. Burgess is not represented by an attorney.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a pro se litigant.  See Hall, 935 F.2d at 1110.

Pursuant to 28 U.S.C. § 636(b)(1)(A) a judge may reconsider any pretrial matter designated to a magistrate judge to hear and determine where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.  The Court has reviewed the file and finds that the August 25 order entered by Magistrate Judge Boland is not clearly erroneous or contrary to law.  Therefore, the objection will be overruled.

On September 5, 2014, Respondents filed a preliminary response (ECF No. 17) and a notice titled "Notice of Applicant's Release From Custody."  ECF No. 16.  In both documents, Respondent informed the Court that Mr. Burgess was released from custody on September 2, 2014.  The inmate locator on the BOP website, www.bop.gov, also showed that Mr. Burgess was released on September 2.  In the preliminary response, Respondent provided the address Mr. Burgess provided to the BOP: 3201 Russell, #C, St. Louis, MO 63104.  Respondent also pointed out that some events Applicant challenged in the instant action are the subject of a pending petition for habeas corpus in the United States District Court for the Eastern District of California, including the calculation of Applicant's release date and the BOP's alleged failure to

place him in a residential re-entry center. *See Burgess v. Rios*, No. 12-cv-00777-AWI-SKO-HC, 2014 WL 3809400, at *1 (E.D. Cal. Aug. 1, 2014). Respondent asserted that if this action were to proceed, he would not raise the affirmative defense of exhaustion of state remedies.

On September 8, 2014, Magistrate Judge Boland entered an order (ECF No. 18) directing Mr. Burgess within fifteen days to inform the Court if he wished to proceed with this action or whether the action now was moot because he received the relief sought. Mr. Burgess was warned that failure to do so within the time allowed would result in the dismissal of this action.

In the September 8 order, Magistrate Judge Boland disagreed with Respondent that writs of habeas corpus do not extend to persons who are not in custody. *See* 28 U.S.C. § 2241(c) ("The writ of habeas corpus shall not extend to a prisoner unless [h]e is in custody under or by color of the authority of the United States or is committed for trial before some court thereof[.]"). Respondent argued habeas corpus relief no longer was available to Applicant. However, Magistrate Judge Boland pointed out that habeas corpus is available for prisoners released on parole or personal recognizance. *Jones v. Cunningham*, 371 U.S. 236, 242-43 (1963).

The September 8 order was mailed to Applicant at both the address in St. Louis, Missouri, provided by the BOP and at the penitentiary in Florence, Colorado, where he was incarcerated when he initiated this action. Both mailings were returned to the Court as undeliverable on September 22 and 25, 2014. *See* ECF Nos. 20 and 21. Mr. Burgess has failed to respond to the September 8 order as directed; otherwise communicate with the Court in any way; or comply with the Local Rules of Practice for

this Court, specifically D.C.COLO.LCivR 11.1(d), requiring the filing of a notice of change of address within five days after any change of address.  Therefore, the habeas corpus application will be denied and the action dismissed for Applicant's failure to respond to the September 8 order and comply with D.C.COLO.LCivR 11.1(d), and for his failure to prosecute.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  See *Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Burgess files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the objection (ECF No. 15) that Applicant, Corey Burgess, filed on September 2, 2014, objecting to the minute order of August 14, 2014 granting Respondent an extension of time up to and including September 5, 2014, to file a preliminary response, and which the Court has construed liberally as an objection pursuant to 28 U.S.C. § 636(b)(1)(A), is overruled.  It is

FURTHER ORDERED that the Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) is denied and the action dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure within the time allowed of Applicant, Corey Burgess, to respond to the order of September 8, 2014, and comply with D.C.COLO.LCivR 11.1(d) by providing a timely notice of change

of address, and for his failure to prosecute.  It is

    FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

    FURTHER ORDERED that any pending motions are denied as moot.  It is

    FURTHER ORDERED that the clerk of the Court mail a copy of this order to Mr. Burgess at his last known addresses in St. Louis, Missouri, and Florence, Colorado.

    DATED at Denver, Colorado, this  2nd  day of   October   , 2014.

    BY THE COURT:


    s/Lewis T. Babcock
    LEWIS T. BABCOCK
    Senior Judge, United States District Court